# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

ORIGINAL

FW036217  $402.00   2021 MAY 11  AM 10:13

DEPUTY CLERK _____

Chad Marusak
_____
Plaintiff

v.

Sema Construction, Inc.
_____
Defendant

4-21CV-646-P
_____
Civil Action No.

## COMPLAINT

Plaintiff alleges that Sema Construction, Inc and it's decision makers have made unwanted, unprovoked communications with Plaintiff. Chad Marusak since terminating him in July of 2019. The continuing patterns of "Harassment" and "Stalking" numerically exceed 5 incidents. Plaintiff alleges Sema Construction did (with counsel) issue an apology and written response in 2020 for one incident of Harassment that have defines as "Harassment/Stalking". Incidents began in Mid 2019 and have continued into late 2020 to include a breach of Plaintiff's personal information on two occurences. Plaintiff states to have spoken with Defendant's counsel and did provide a reply via email within 2 weeks of the incident(s) in question. Plaintiff recalls (txts, phone log, email verification from counsel of Defendants) more than 5 incidents of SEMA Construction Mgmnts making contact and each has caused issues for plaintiff. →

* Attach additional pages as needed.

Date: 5-10-2021
Signature: /s/ Chad Marusak
Print Name: Chad Marusak
Address: 404 N. AVE F
City, State, Zip: Olney, TX 76374
Telephone: 817-323-4103

p1 of 4

COMPLAINT-STALKING AND HARASSMENT

1. Complainant Chad Marusak files this complaint regarding many incidents of harassment that equate to Stalking of the complainant. 47 USC 223, 47 USC 223(a)(1)(c), 18 USC 875(section 223) and 18 USC 2425 and Texas Penal Code 42.072. These incidents are from July 6,2019 up until January of 2021. These incidents are from Sema Construction or its Decision makers while at are as follows:

2. May -June 2019  Cell phone and folder (containing documents for injury)stolen by co-worker(Cedric) while working and as assigned by Defendant to work with impaired," Injured" Plaintiff . Plaintiff has mentioned this within complaints to Defendant and other complaints made in 2019. Incident in mention is noted and no proof of purchase exist as of 5-2021.

3. Plaintiff on July 12, 2019 request last 8 hours of pay from Last day worked on July 1,2019 Defendant, Response: "Let me find out". Plaintiff replies, "been waiting on it. Was 8.5 hrs for one day". Defendant response, "I will have a check cut Monday "Another reply of Defendant," "Yes, I can mail it".

4. Plaintiff on July 15,2019 requests again or makes inquiry to last pay stating, "Let me know when you mailed that pls. Thanks" Defendant replies," You bet it's in and should go out today" Plaintiff responds with "Thumbs up emoji"

5. July 17,2019 Plaintiff again texts Defendant and states," Not here yet can you check on the status pls". Defendant states in response," Yes". No texts after wards on phone as record regarding this. Plaintiff were paid within next 7 days and late with sarcasm/harassment.

6. October to November 2019-Plaintiff attempts to recover information for tax and for filing of complaints against Defendants. Plaintiff has no record of contacting Defendant personnel but has a text stating," Corpus sending you address information" and shortly after ," Did you get the text"

7. (Text regarding pay out order) July 12,2019 of Defendant response" I will have check cut Monday morning will ether have to meet you".

8. On July 17,2020 Call received to cell phone of Plaintiff from Defendant (unanswered by Plaintiff and Defendant did not leave message)

9. In July of 2020 Plaintiff reports to OALJ during proceedings against 2 Defendant companies (one not named currently) that Harassment has been ongoing and consistent against since July ,2019 when terminated Plaintiff  request verbal motion for Restraining order against Defendant except legal counsel. EEOC Charge discussed in hearing with Defendant counsel and apology letter issued stating Defendant has "Investigated the matter"

10. Plaintiff on July 20,2019 Receives letter from Defendant counsel(Canterbury, Gooch, Surratt, Shapiro, Stein, Gaswirth & Jones, PC) Issuing explanation and apology with verbal assurance from Defendant that the incident has been Investigated. Plaintiff requests the notes and incident(s) be entered into record as harassment and/or stalking due to the continuous

actions from Defendants. Plaintiff enters response via email to OALJ and Counsel on record states the occurrences and method are above coincidence and will pursue at a later date.

11. August-September 2020 Defendant states to have suffered a Security Breach of Plaintiff personal information.

12. October 1,2020- October 5 2020 Defendant again," making unwanted communications" to Plaintiff after causing additional problems for Defendant without consent or approval Plaintiff certifies this to be true and actual as material evidence can verify each statement of phone call log(screenshot), text or email. Adding, This all occurs after impaired Plaintiff is unable to walk or maintain due to an injury months prior.

What constitutes the crime of stalking?  See: Justice.Gov

(1)"The person engages in harassing behavior. This can include repeatedly following someone repeatedly communicating with them, watching their home or workplace (Plaintiff is still unable to work due to Injury) or engaging in threatening conduct directed at someone or their family.

2. SEE: " Course of Conduct" ,"Harass", "Substantial Emotional Distress" State Laws also Prohibit Stalking", "First Amendment Issues" US V. Osinger no. 11-50338

II. Claim and Authorities

Plaintiff seeks to file an additional complaint with the Northern District Courts of Texas against Sema Construction, Inc. otherwise known as Defendant for damages resulting from 1.8 years of unwanted and unnecessary communications without probable or legal cause. Plaintiff has many times reported this conduct over the last 1.8 years. Plaintiff was hospit Hospitalized for stress, anxiety and chest pains in 2020 after exceeding 1.5 years of harassment and being made to experience this type of conduct. Plaintiff has tolerated the poor conduct of the Defendant for almost two years and feel that Judiciary assistance is required to rectify this situation as it is a crime. Incidents mentioned above are not with the consent or appreciation of the Plaintiff under any circumstance and were also Defendant the same Defendant pursuing the same Plaintiff for almost two years. Secondly, Plaintiff having final paycheck withheld for no legal reason for almost two weeks while unemployed and injured.

II.      Claim and Authorities

Plaintiff upon filing this complaint could only locate these following in reference or that pertain to Plaintiff situation for support of his claim and complaint. Plaintiff also as described in this complaint were Hospitalized in 2020 as mentioned now owing around 4,000.00 in Back Medical Bills. Plaintiff will make note: Violations of his Rights and Liberties. Adding, See: 47 UCS 223(a) A (ii), B i), C, D, and 47USC 223(a) (1)(c) ,18 USC 875 Section 223, 18 USC 2425, 18 USC 2261A (1) A(i), B (2) B, 18 USC 2266(2), (5), (9) and (Texas)Penal Code- 42.07 (a) (2), (4), (5)(7) A, C (2).

III.     Remedies

Before the court the Plaintiff request of the court as within proper Federal Jurisdiction and Venue. The Plaintiff request of the court 200,000.00 in damages to effectively include Compensatory100,000.00, and Nominal 100,000.00 if permissible. Plaintiff does seek damages and does feel the history of such harassment and stalking are above and far exceeds the tolerable amount permitted within the Laws and Legal definitions. Plaintiff does pray upon the court and following ask for a Protective Restraining Order once again.

Respectfully submitted,

_____  5-11-21

Chad Marusak Pros Se Plaintiff

404 N. Ave F

Olney , Texas 76374

Telephone:817-323-4103

Email:transportwithcm@gmail.com

The Plaintiff Chad Marusak has filed this," Harassment /Stalking" civil suit in The Northern District courts of Texas against Sema Construction, Inc / Defendant Company for a (2019-1/2021) 79 week "Course of Conduct" against and directed at the Plaintiff. Plaintiff has requested numerous times during complaints or discussions with persons and (OSHA, TWC-CRD AND EEOC, OALJ 2019-2020) that communications to the Plaintiff from Defendant company stop without delay and cease immediately. Plaintiff were hospitalized for chest pains some months ago which Plaintiff believes the Defendant company actions were the sole cause after 1.8 years of stunts, actions resulting in harassment as define then by the Plaintiff. Plaintiff had and has requested of the courts in 2020 and 2021 that a restraining order be issued as the "Harassment" and or" Stalking" had not stopped and had exceeded tolerance of the llegal definition. The Defendant company at or around June- July 2020 did respond via Legal Counsel stating it, "has Investigated" the matter via email from its 2020 Legal Counsel addressing the problem. Which Defendant Counsel then delivered to the Plaintiff via email during a Federal proceeding of another nature while in front of the OALJ in Covington, LA. The actions of the Defendant Company has been a continuous problem and concern only by the actions of the Defendant company toward Plaintiff which do exceed legal definition. These include: More than Five recorded electronic communications directed at the Plaintiff postemployment since July 1,2019 that are consistent and 3+ unwanted and not desired that are pointless as seen by the Plaintiff. All have been recorded by the Plaintiff and include a breach of security against the Plaintiffs Personal Information in (2 letters received via mail) late 2020. Plaintiff also alleges the Defendant Company and/or its decision makers only respond with another negative action against the Plaintiff when receiving request or demand that communications or negative acts cease toward the Plaintiff. As this is the case and all incidents have been recorded since 2019. Plaintiff has filed this civil suit only for the actions of the Defendant company and/or its decision makers against the Plaintiff resulting in "Harassment and Stalking" per Legal definition Federally and by State code. Plaintiff also alleges that Defendant company did provide assigned equipment (cars, phones and other devices) which were utilized against the Plaintiff since 2019 which is legally defined as," Harassment and Stalking." This request has been made prior today numerous times and were stated in part , "except legal counsel" by the Plaintiff when requesting that all unwanted attention from Defendant be understood as such, "except legal counsel."

Respectfully Submitted,

_[signature]_     5-11-21

Chad Marusak Pro Se     Date



Chad Marusak <transportwithcm@gmail.com>

## Harassment

3 messages

**Chad Marusak** <transportwithcm@gmail.com>                      Fri, Jul 17, 2020 at 12:14 PM
To: OALJ-Covington@dol.gov, Daniel McCabe <dmccabe@canterburylaw.com>, "Bullock, Lauren A. - OALJ" <Bullock.Lauren.A@dol.gov>

Good Morning, I wanted to make aware of the OALJ-Judge Rosenow and
Respondent counsel that my past employer has just attempted to contact
me via phone call.This occurred at 11:28am on July 17,2020 call made
from Phil/Sema 512-539-7389. I find this unacceptable and ask the
OALJ-Judge Rosenow to consider this as harassment.This has been one of
my many complaints and that I have also mentioned a complete disregard
for my well being since March 7,2019.As I am Pro Se and the
Respondents have counsel,then I firmly believe the Respondents should
not make contact exterior of their counsel for any reason.The other
July contacts shown are from 2019 and not current of 2020.I have also
mentioned I was in the Hospital last week and the reasons for my
visit. I have attached the screenshot for verification of my
claim.Thank You for your time, Mr. Chad marusak.



Screenshot_20200717-114054.png
194K

**Daniel McCabe** <dmccabe@canterburylaw.com>                      Mon, Jul 20, 2020 at 2:16 PM
To: Chad Marusak <transportwithcm@gmail.com>, "OALJ-Covington@dol.gov" <OALJ-Covington@dol.gov>, "Bullock, Lauren A. - OALJ" <Bullock.Lauren.A@dol.gov>
Cc: Corinna Matlock <cmatlock@canterburylaw.com>

Mr. Marusak,

My client has investigated this event. The caller in question (your former coworker) inadvertently dialed your number from his contacts list. He has deleted your number from his contacts list so that this will not happen again. Thank you for bringing this to my attention.

Sincerely,

Daniel R. McCabe | Shareholder
CANTERBURY GOOCH SURRATT SHAPIRO STEIN GASWIRTH & JONES, P.C.
4851 LBJ Freeway, Suite 301, Dallas, Texas 75244
(direct) 972-388-5178 | (office) 972-239-7493 | (fax) 972-490-7739
dmccabe@canterburylaw.com | www.canterburylaw.com

This message, as well as any attached document, contains information that is confidential and/or privileged, or may
contain attorney work product. The information is intended only for the use of the addressee named above. If you are
not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in
reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. If you have
received this message in error, please delete all electronic copies of this message and its attachments, if any, destroy any

hard copies you may have created, without disclosing the contents, and notify the sender immediately. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

[Quoted text hidden]

---

**Chad Marusak** <transportwithcm@gmail.com>   Mon, Jul 20, 2020 at 3:17 PM
To: Daniel McCabe <dmccabe@canterburylaw.com>, OALJ-Covington@dol.gov

Good Day, I am aware of the reasons given by the respondents now for eleven months and that is why I find it to be harassment.The "caller" is in fact the same person who failed to report my injury for 6 months on a BNSF,SEMA civil engineering work site.Then demoted and terminated me on July 1,2020.In addition,then chose to delay my last paycheck for two weeks while patronizing me via text when I asked for my earned pay.This is not the first text communication from the respondents since July 1,2019,which further authenticates my claim of harassment after filing my WB claim timely.As I said, I am also Por Se as you are aware and I don't think the respondents treatment to myself since March 06,2019 is legal, fair or acceptable.I cannot accept that the "caller"inadvertently dialed my number and appreciate your response in his or their behalf.I do not believe your client fully comprehends the issue at hand for now a year and that is why we are at this point a year later.I do apologize for my "artsy" ability and possibly leaving you with a poor impression of myself today.The other text I have attached today as it were received in November 2019.I prefer not to speak on this topic with you,as this has been listed in the Bill of Particulars and were provided to you timely as ordered.Once again,I have not been well as I reported and I prefer not to have any more incidents from your client.Respectfully, Pro Se Mr. Chad Marusak

[Quoted text hidden]

**Screenshot_20200720-142710.png**
117K



Chad Marusak <transportwithcm@gmail.com>

# FRSA/EEOC topic question
1 message

**Chad Marusak** <transportwithcm@gmail.com>                    Wed, Jul 29, 2020 at 11:50 AM
To: OALJ-Covington@dol.gov

Good Morning, I had a question about the time frame my response is to
be complete and delivered .To be certain, it now looks as if my
response is due on August 20 of 2020 and I wanted to be certain that I
have read this correctly.Also,I would also like to inform the OALJ
court of issuance from the EEOC allowing a separate discrimination
charge which is attached voluntarily for viewing by the OALJ.This
were mentioned on the requested Bill Of Particulars to show factual
incidents of misconduct or other violations as preexisiting and now
current fact.In additon, requesting the OALJ to accept my reporting of
additional incidents adding the most recent harassment incident noted
in July 2020 while engaged in process with respondents and the OALJ of
a WhistleBlower case.This July incident only resulted from the conduct
of my past contracted employer and/or its decision makers.I have not
forwarded this to Mr.McCabe as this is a report of new federal
material and exterior of the respondents rights in this WB case but I
believe the OALJ should me made aware of additonal Federal information
regardless of application.Sincerely, Mr. Chad Marusak  Case no. 2020
FRS 38

📎 **EEOCdisc.pdf**
   51K

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARUSAK, CHAD L.

### DEFENDANTS
SBMA CONSTRUCTION, INC.

**(b)** County of Residence of First Listed Plaintiff: **YOUNG**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **TARRANT**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 320 Assault, Libel & Slander | | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 330 Federal Employers' Liability | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 345 Marine Product Liability | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [X] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

*Harassment/Stalking*

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
*Harass/Stalking*
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 USC 1331, 18 USC 2261A, 18 USC 2266, 18 USC 2264, 18 USC 1514, p.4
Brief description of cause:
Stalking, harassment - Incidents exceeding - see page: 1-4

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 200,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___