IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHAD LEE MARUSAK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00475-P-BP |
| | § | |
| SEMA CONSTRUCTION, INC., | § | |
| | § | |
| Defendant. | § | |
| | | |
| CHAD LEE MARUSAK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00646-P-BP |
| | § | |
| SEMA CONSTRUCTION, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Plaintiff Chad Lee Marusak's Motion for Entry of Default Judgment ("Motion"), filed in *Marusak v. Sema Construction, Inc.*, No. 4:21-cv-00646-P-BP. ECF No. 7. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DENY** Plaintiff's Motion and **CONSOLIDATE** No. 4:21-cv-00646-P-BP with *Marusak v. Sema Construction, Inc.*, No. 4:21-cv-00475-P-BP.

**I.   BACKGROUND**

Marusak's Motion arises from a May 2021 lawsuit he filed against Defendant Sema Construction, Inc. ("Sema"). *Marusak*, No. 4:21-cv-00646-P-BP, ECF No. 1. The Clerk of Court

issued a summons to Sema, which was returned executed. *Id.*, ECF Nos. 2, 6. Sema has not filed any pleadings in response. *See id.*, ECF Nos. 1-10. In June, Marusak filed his Motion, and the Clerk of Court entered default shortly thereafter. *Id.*, ECF Nos. 7, 9.

The May 2021 lawsuit is Marusak's second against Sema. He filed his first two months earlier. *See Marusak*, No. 4:21-cv-00475-P-BP, ECF No. 1. In the first lawsuit, Sema responded to Marusak's Complaint and his First Amended Complaint by filing an answer accompanied by a motion to dismiss with an alternative motion for more definite statement and a certificate of interested persons. *Id.*, ECF Nos. 9-10, 24.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment against defendants that have "failed to plead or otherwise defend." Fed. R. Civ. P. 55. Rule 42 authorizes district courts to consolidate actions that "involve a common question of law or fact." *Id.* 42(a). Entering default judgment under Rule 55 is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Likewise, Rule 42 empowers the court with "substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, ___ U.S. ___, ___, 138 S. Ct. 1118, 1131 (2018).

## III.    ANALYSIS

### A.    The Court should deny Marusak's Motion.

A default judgment is a "drastic remedy, not favored by the Federal Rules." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). The remedy is "available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). In considering a motion for entry of a default judgment, the Court analyzes

the six *Lindsey* factors, including whether: (1) a good-faith mistake or excusable neglect caused the default; (2) a default judgment would be harsh; (3) the defendant's failure to plead has substantially prejudiced the plaintiff; (4) there are material issues of fact; (5) the grounds are clearly established for a default judgment; and (6) the Court would feel obligated, upon the defendant's motion, to set aside the default judgment. *Lindsey*, 161 F.3d at 893; *Russell v. Hall*, No. 3:19-cv-874-S, 2020 WL 9848765, at *3-4 (N.D. Tex. Dec. 4, 2020), *rec. adopted*, 2021 WL 2226490 (N.D. Tex. June 2, 2021) (applying the *Lindsey* factors).

All six *Lindsey* factors favor denying Marusak's Motion. First, Sema's failure to plead in the second lawsuit is excusable neglect because Sema responded in opposition to Marusak's first lawsuit. *See Marusak*, No. 4:21-cv-00475-P-BP. As discussed below, the first and second lawsuits involve common questions of law and fact, warranting their consolidation under Rule 42(a). In the first case, Sema timely asserted thirteen affirmative defenses and denied several of Marusak's allegations. *See id.*, ECF No. 24 at 4-9. Sema's responsive pleadings in the first case thus evidence its intent to defend against Marusak's similar claims and allegations in the second lawsuit, rendering Sema's neglect to plead there excusable. Second, granting a default judgment would be harsh. Not only has Sema filed pleadings in the first lawsuit, but it has also complied with Court orders to file an amended response and joint status report. *Id.*, ECF Nos. 13, 18, 22, 24.

Third, there is no indication Sema's failure to plead has substantially prejudiced Marusak. Prejudice results if the defendant's failure "threatens to halt the adversary process." *Russell*, 2020 WL 9848765, at *4. Sema's pleadings in the first lawsuit—including its joint status report with proposed scheduling order dates; answer; motion to dismiss with alternative motion for more definite statement—show Sema is defending against Marusak's claims, not threatening to halt the adversary process. *See Marusak*, No. 4:21-cv-00475-P-BP, ECF Nos. 22, 24 at 4-9. In fact, the

3

first lawsuit is proceeding under a scheduling order. *Id.*, ECF No. 25. Fourth, Sema's denials and affirmative defenses from the first case suggest there are material fact issues that implicate the similar second. *See id.*, ECF No. 24 at 4-9; *Russell*, 2020 WL 9848765, at *4.

Fifth, the grounds for entering a default judgment are not clearly established because Sema may not have been served with process in the second lawsuit. *See Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 412 (5th Cir. 1998) (service of process is a prerequisite to a valid default judgment). Here, the proof of service reflects the summons for Sema was served on "Sam Reynolds, Manager, who is designated by law to accept service of process on behalf of" Sema. *See Marusak*, No. 4:21-cv-00646-P-BP, ECF No. 6. Because Sema is a corporation, it may be served in two ways: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(A)-(B). The referenced Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." This Court is in Texas, which allows a corporation's president, vice president, or registered agent to accept service of process on the corporation's behalf. *See* Tex. Bus. Orgs. Code. Ann. §§ 5.201(b), 5.255(1).

Marusak does not claim Sam Reynolds is Sema's president or vice president. And aside from the proof of service filed by Marusak, there is no evidence Reynolds is authorized to accept service of process on Sema's behalf under Rule 4(h). *See Flores v. Koster*, No. 3:11-cv-0726-M-BH, 2013 WL 357610, at *3 (N.D. Tex. Jan. 3, 2013), *rec. adopted*, 2013 WL 362811 (N.D. Tex. Jan. 30, 2013) (proof of service stating that individual was authorized by law to accept service on

defendant's behalf was not conclusive for the fifth factor). The undersigned is not convinced the grounds for default judgment are "clearly established" under *Lindsey*.

Sixth, the record suggests the Court could feel obligated to set aside a default judgment upon Sema's motion. As noted, it is unclear whether Sema received proper service of process. Moreover, Sema's pending denials and affirmative defenses filed in the first lawsuit could, if proven, constitute meritorious defenses to the second. *See iLife Techs., Inc. v. ActiveCare, Inc.*, No. 3:12-cv-5161, 2013 WL 1943322, at *2 (N.D. Tex. May 10, 2013) (meritorious defenses support setting aside a default judgment).

Accordingly, the Court should deny Marusak's Motion because of the *Lindsey* factors. The Federal Rules of Civil Procedure disfavor default judgments, and Sema is not the "essentially unresponsive party" that Rule 55 targets, given the company's pleadings in the factually similar first lawsuit. Instead, consolidating the cases is the procedurally proper next step.

### B.    The Court should consolidate Marusak's two lawsuits against Sema.

This Court may *sua sponte* consolidate lawsuits under Rule 42(a). *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984). Consolidation means "the joining together—but not the complete merger—of constituent cases." *See Hall*, 138 S. Ct. at 1125 (discussing Rule 42(a)(2)). Consolidating does not "deprive any party of any substantial rights which he may have possessed had the actions proceeded separately." *Id.* at 1130 (quoting 3 J. MOORE & J. FRIEDMAN, MOORE'S FEDERAL PRACTICE § 42.01, pp. 3050-51 (1938)). Rather, it facilitates efficient dispute resolution by minimizing unnecessary cost or delay. *Gentry v. Smith*, 487 F.2d 571, 580-81 (5th Cir. 1973) (citing Fed. R. Civ. P. 42(a)). The Court may consolidate cases for "all purposes," including pretrial proceedings, trial, and appeal. *Hall*, 138 S. Ct. at 1131; *see, e.g.*, *Kin-Yip Chun v. Fluor Corp.*, No. 3:18-cv-01338-X, 2020 WL 2745527, at *6 (N.D. Tex. May 26, 2020); *Russo v. Alamosa Holdings, Inc.*, No. 5:03-cv-289-C, 2004 WL 579378, at *1 (N.D. Tex. Feb. 27, 2004).

Procedurally, the consolidating court may direct its clerk to administratively close the second lawsuit at issue. *See, e.g.*, *Kin-Yip Chun*, 2020 WL 2745527, at *6; *Russo*, 2004 WL 579378, at *1; *see generally Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004) (explaining administrative closure). Afterward, "all pleadings, motions, or other papers must only bear the caption of the first case filed," and "[a]ll post-consolidation filings must also bear the legend '(Consolidated with [giving the docket numbers of all the other cases]).'" Loc. Civ. R. 42.1. Consolidating still "requires entry of a separate judgment," as the consolidated cases "maintain their separate identity." *Frazier v. Garrison Indep. Sch. Dist.*, 980 F.2d 1514, 1532 (5th Cir. 1993) (citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97, (1933), and 9 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2382 (1971)).

### 1.    Marusak's lawsuits involve common legal and factual questions.

Rule 42's threshold inquiry is whether the two cases involve common questions of law or fact. Fed. R. Civ. P. 42(a); *RTIC Drinkware, LLC v. YETI Coolers, LLC*, No. 1:16-cv-907-RP, 2017 WL 5244173, at *2 (W.D. Tex. Jan. 18, 2017). Here, both lawsuits involve common legal and factual questions because they arise from Marusak's alleged employment with, and firing from, Sema Construction, Inc. Indeed, Marusak describes his second suit as an attempt "to file an additional complaint with the Northern District Courts of Texas against Sema Construction, Inc." *Marusak*, No. 4:21-cv-00646-P-BP, ECF No. 1 at 3.

In both suits, Marusak asserts stalking and harassment claims under 18 U.S.C. § 2261A, the First Amendment, and Chapter 42 of the Texas Penal Code. *Compare Marusak*, No. 4:21-cv-00475-P-BP, ECF No. 14 at 4, *with Marusak*, No. 4:21-cv-00646-P-BP, ECF No. 1 at 3-4. In the first case, Marusak alleges Sema "made choices considered stalking and/or harassment," including "[p]ost employment harassment" that has lasted "1.8 years after demoting and terminating the

6

Plaintiff." *Marusak*, No. 4:21-cv-00475-P-BP, ECF No. 14 at 3-4. Marusak similarly sues Sema in the second case "regarding many incidents of harassment that equate to [s]talking of the complainant," including "1.8 years of unwanted and unnecessary communications without probable or legal cause" that has been "ongoing and consistent." *Marusak*, No. 4:21-cv-00646-P-BP, ECF No. 1 at 2-3.

Marusak supports his claims with allegations that Sema mishandled his personal information and withheld pay. For example, the second lawsuit describes incidents that "include a breach of Plaintiff's personal information on two occurrences." *Marusak*, No. 4:21-cv-00646-P-BP, ECF No. 1 at 1. The first lawsuit similarly "add[s] that the Defendant did cause a Breach of Personal information that [] does need to be addressed by the court." *Marusak*, No. 4:21-cv-00475-P-BP, ECF No. 14 at 5. The first suit also asserts "Defendant chose to withhold Plaintiff[']s final pay for up to two weeks after termination." *Id.* at 2. Likewise, the second suit claims Marusak had his "final paycheck withheld for no legal reason for almost two weeks while unemployed and injured." *Marusak*, No. 4:21-cv-00646-P-BP, ECF No. 1 at 3.

The first lawsuit expands on Marusak's termination from Sema by including allegations of "disability or age discrimination" and seeking additional relief under laws like the Americans with Disabilities Act of 1990 and Age Discrimination in Employment Act of 1967. *See Marusak*, No. 4:21-cv-00475-P-BP, ECF No. 14 at 3-4. But common to both cases are allegations and claims of Sema's post-termination harassment and stalking. The Court may thus consolidate these cases under Rule 42(a).

### 2. Consolidating Marusak's lawsuits avoids cost and delay.

Rule 42(a) helps avoids "unnecessary cost or delay." *See* Fed. R. Civ. P. 42(a)(3); *Gentry*, 487 F.2d at 580-81. Accordingly, the Court's consolidation inquiry explores related factors, including whether: (1) both cases are filed in the same court; (2) both cases involve common

7

parties; (3) both cases are at similar trial-preparation stages; (4) consolidating could cause prejudice or confusion; (5) inconsistent adjudications of the cases' common legal or factual questions could result if they are tried separately; and, of course, (6) consolidating would avoid cost or delay. *Bucklew v. Bonham*, No. 3:19-cv-435-N, 2019 WL 2141792, at *2 (N.D. Tex. May 16, 2019) (quoting *RTIC Drinkware, LLC*, 2017 WL 5244173, at *2); *see also Frazier*, 980 F.2d at 1531-32. All six factors weigh favorable to consolidating.

First, both lawsuits are pending in this Court before the same district and magistrate judges, United States District Judge Mark T. Pittman and the undersigned. *See Tanzy v. Wolf*, No. 3:20-cv-3161-X-BH, 2020 WL 11627343, at *2 (N.D. Tex. Dec. 23, 2020) (not consolidating actions filed in same court partly because they were pending before different district and magistrate judges). Second, both involve the same two parties. *See RTIC Drinkware, LLC*, 2017 WL 5244173, at *3 (common parties in same court weighs favorable to consolidating). Third, both are in the pre-trial stages, with neither case yet set for trial. Although the first (unlike the second) is under a scheduling order, its deadlines for discovery completion and dispositive motions are in February of 2022. *Marusak*, No. 4:21-cv-00475-P-BP, ECF No. 25.

Fourth, there is no indication consolidation would cause prejudice or confusion. Marusak filed his second suit four days after filing his amended complaint in the first. *Compare Marusak*, No. 4:21-cv-00475-P-BP, ECF No. 14, *with Marusak*, No. 4:21-cv-00646-P-BP, ECF No. 1; *see also RTIC Drinkware, LLC*, 2017 WL 5244173, at *3 (prejudice could result if consolidation would delay trial nearly a year). And his claims from the first overlap with the same 1.8-year period as the second. *See Tanzy*, 2020 WL 11627343, at *2 (confusion could result from trying together two cases with claims arising from different time frames). Fifth, the risk of inconsistent adjudications is lessened by both cases being before the same district and magistrate judges. *See*

*Bucklew*, 2019 WL 2141792, at *2. But separate trials could entail separate juries making inconsistent findings related to the common questions about the alleged stalking and harassment. *See RTIC Drinkware, LLC*, 2017 WL 5244173, at *3 (risk arises when each case "must reach the same conclusions"). Consequently, there is at least some risk.

Sixth, consolidation would minimize cost and delay because it would allow the parties to litigate common legal and factual questions in one action. *See id.* (consolidation avoids "duplicative discovery"); *Bucklew*, 2019 WL 2141792, at *2. Thus, the Court should consolidate Marusak's two lawsuits.

### IV. CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Judge Pittman **DENY** Marusak's Motion (No. 4:21-cv-00646-P-BP, ECF No. 7) and **CONSOLIDATE** No. 4:21-cv-00646-P-BP with *Marusak v. Sema Construction, Inc.*, No. 4:21-cv-00475-P-BP. The undersigned further **RECOMMENDS** that Judge Pittman direct the Clerk of Court to administratively close No. 4:21-cv-00646-P-BP, and order the parties to file all future pleadings, motions, or other papers in *Marusak v. Sema Construction, Inc.*, No. 4:21-cv-00475-P-BP with the legend "(Consolidated with Civil Action No. 4:21-cv-00646-P-BP), as provided in Local Civil Rule 42.1.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on November 15, 2021.

                                                  _____
                                                  Hal R. Ray, Jr.
                                                  UNITED STATES MAGISTRATE JUDGE